UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **HILL**, *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-3286** |
| **JAMES CONSTRUCTION GROUP, L.L.C.,** *et al.* | **SECTION: I/1** |

## ORDER AND REASONS

Before the Court is the motion for partial summary judgment and declaratory judgment on the issue of liability filed by plaintiff, Darren Hill. Plaintiff seeks partial summary judgment and declaratory relief against defendants A&A Transportation ("A&A") and Carlos Aparicio. For the following reasons, plaintiff's motion is **DENIED**.

### *BACKGROUND*

Defendant James Construction Group, L.L.C. was hired by the United States Army Corps of Engineers to perform repairs on certain levees that were damaged in the wake of Hurricane Katrina.[1] James Construction subsequently subcontracted certain work to defendant A&A. A&A then solicited additional subcontractors.[2]

Plaintiff, a resident of Texas, answered an on-line advertisement posted by A&A seeking

---

[1] In connection with this project, James named defendants Continental Casualty Company and Safeco Insurance Company of America as sureties.

[2] Rec. Doc. No. 1, p. 3.

subcontractors to haul material to the East New Orleans levee.[3]  On November 9, 2005, plaintiff entered into a written agreement, or "lease," with A&A to haul material from a site in Pearl River, Mississippi ("Pearl River site") to a levee in New Orleans, an approximately 70 mile round trip route.  The contract provided that plaintiff would be paid a rate of $7.00 per cubic yard for material hauled between the Pearl River site and the levee; a 3% administrative fee would be deducted, and A&A would also provide a fuel allowance.[4]  The contract states that "[t]he initial term of this lease shall be 1 month commencing November 9, 2005.  There after it will continue to December 9, 2005."[5]

Defendants contend that, after signing the hauling contract, plaintiff had a discussion with Aparicio, a representative of A&A.  During this conversation, Aparicio allegedly discussed with plaintiff the possibility of hauling material to the levee from a site in Louisiana that was much closer than the Pearl River site; this site, known as the "Industrial Pit site," was only an 8 mile round trip from the levee.  Defendants state that plaintiff orally agreed that, in return for hauling materials from the Industrial Pit site, he would be paid an hourly rate of $50 less a 3% administrative fee and that he would not receive any fuel allowance.[6]  The Industrial Pit site is not mentioned in the written lease agreement.

In order to be paid for his work, plaintiff was required to produce a hauling ticket that was issued at the site where his trucks were filled with levee material.[7]  These tickets were then

---

[3]Rec. Doc. No. 16, p. 4.

[4]Rec. Doc. No. 1, pp. 9-12.

[5]Rec. Doc. No. 1, p. 1.

[6]Rec. Doc. No. 29, p. 3.

[7]Rec. Doc. No. 29, p. 4.

presented to defendant Helen Suarez, who prepared a pay sheet summarizing the information from the hauling tickets and from which payments to plaintiff were calculated. Plaintiff claims that payments to him were made approximately three to four weeks in arrears.[8]

Plaintiff states that, in March 2006, he first noticed that he was being paid at the lesser rate for his trips from the Industrial Pit site. Plaintiff, after confronting Aparicio and protesting that he had never agreed to these alternate terms, soon removed his trucks from the job sites. On March 28, 2006, plaintiff made a demand through his counsel for $56,159.82; A&A replied that it would only pay $11,712.15. On June 26, 2006, plaintiff filed his lawsuit in this Court, seeking damages against defendants. Plaintiff filed this motion on November 30, 2006; after the Court granted a short extension, defendants A&A and Aparicio responded on February 2, 2007.

## *LAW AND ANALYSIS*

### I. Standard of Law

Summary judgment is proper when, after reviewing the "pleadings, depositions, answers to interrogatories . . . [and] affidavits," the court determines that there is no issue of material fact. Fed. R. Civ. P. 56(c)). The party seeking summary judgment always bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (internal quotation omitted).

---

[8]Rec. Doc. No. 16, p. 5.

Once the party seeking the summary judgment carries its burden pursuant to Rule 56©), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The showing of a genuine issue is not satisfied by creating some metaphysical doubt as to the material facts by conclusory allegations, unsubstantiated assertions, or by only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The non-moving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [that party's] favor." *Hunt v. Cromartie*, 526 U.S. 541, 552, 119 S. Ct. 1545, 1551-52, 143 L. Ed. 2d 731 (1999) (internal quotation and citation omitted) (alternation in original).

**II. Discussion**

In his motion, plaintiff seeks: (1) "summary judgment holding that plaintiff . . . and the defendants . . . entered into a valid and enforceable written lease agreement for the use of Hill's trucks"; (2) "summary judgment holding that the terms of the written lease agreement for the use of Hill's trucks were reconducted[9] as a matter of law; and (3) a "declaratory judgment holding that all use of Hill's trucks under the written lease agreement for its stated term and the

---

[9]Reconduction is defined as "[t]he renewal of a lease." Black's Law Dictionary 1300 (8th ed. 2004).

reconducted term is to be compensated at the rate stated in the written lease agreement."[10] Plaintiff argues that there was no oral agreement and that the terms of his written contract with A&A controlled their payment arrangement, even after the contract expired on December 9, 2005.

Defendants, however, identify specific facts through affidavits that establish a genuine issue of material fact. Defendants provide the affidavit of Darren Hill in which he testifies that plaintiff orally agreed to be paid at the hourly rate for material hauled from the Industrial Pit site.[11] This sworn testimony contradicts plaintiff's insistence that the terms of his agreement with defendants are governed solely by the written lease. Defendants also include Suarez's affidavit, which includes copies of several of the hauling tickets that plaintiff submitted; these tickets note the hours that Hill worked, as well as--in most cases--the number of loads hauled that day.[12] These exhibits suggest that the parties may have recognized a distinction between material hauled from the Pearl River site, for which plaintiff was to be paid by the amount of material hauled, and the Industrial Pit site, for which plaintiff was allegedly to be paid an hourly rate. Considering this evidence, a reasonable jury could find that plaintiff was bound by the terms of the oral agreement, as defendants contend. Plaintiff has not offered any affidavit evidence in support of his arguments. A genuine issue of material fact exists with respect to defendants' contractual liability, and summary judgment is not appropriate at this time.[13]

---

[10]Rec. Doc. No. 16, p. 8.

[11]Rec. Doc. No. 29-2, p. 2.

[12]Rec. Doc. No. 29-3.

[13]Defendants also posit that plaintiff's request for declaratory judgment is improper because he failed to include this demand in his complaint and because plaintiff failed to make all parties with an interest in this potential declaratory judgment parties to his motion. Rec. Doc. No. 29, p. 6. In light of the above finding that a genuine issue

Accordingly,

**IT IS ORDERED** that the motion for partial summary judgment and declaratory judgment on the issue of liability filed by plaintiff, Darren Hill,[14] is **DENIED**.

New Orleans, Louisiana, May ___3rd___, 2007.

                                        LANCE M. AFRICK
                                   UNITED STATES DISTRICT JUDGE

---

of material fact exists sufficient to deny plaintiff's motion, the Court need not decide whether plaintiff has properly plead his request for declaratory judgment. The Court does note, however, the requirement of Rule 8(a) of the Federal Rules of Civil Procedure that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded."

[14]Rec. Doc. No. 16.